UNITED STATES of America, Plaintiff,

v.

RINGER AND RINGER ENTERPRISES, d/b/a Del Camino Truck Center, Defendant.

Civ. A. No. 78–HC–1152.

United States District Court, D. Colorado.

June 20, 1980.

Theodore C. Hirt, Federal Programs Branch, Civ. Div., Dept. of Justice, Washington, D. C., and Joseph Dolan, U. S. Atty., by James W. Winchester, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Jimmie Joe Honaker, Longmont, Colo., for defendant.

## OPINION IN RE: MOTION FOR PARTIAL SUMMARY JUDGMENT, AND ORDERS

CHILSON, Senior District Judge.

This matter is before the Court upon plaintiff's motion for a partial summary judgment. The facts essential to a determination of the motion are not in dispute. From the pleadings and briefs, it appears that the defendants operated a service station adjacent to an interstate highway (I–25) in Northern Colorado and engaged in the business of selling gasoline and diesel fuel at retail.

After an examination of the defendants' management records by the Federal Energy Administration (FEA), the predecessor of the Department of Energy (DOE), the FEA, on August 8, 1974, served upon defendants a "Notice of Proposed Violation" of pricing regulations established pursuant to the Economic Stabilization Act of 1970, (ESA) as incorporated in Section 5(a) of the Emergency Petroleum Allocation Act (EPAA), 15 U.S.C. § 754(a). More particularly, the Notice alleged an apparent violation of 10 C.F.R. 212.93(a) which states:

"A seller may not charge a price for any item subject to this subpart which exceeds the weighted average price at which the item was lawfully priced by the seller in transactions with the class of purchaser concerned on May 15, 1973,

plus an amount which reflects on a dollar-for-dollar basis, increased costs of the item."

The Notice alleges overcharges of $66,-577.70.

In the course of several conferences between the parties, defendants denied the basis for and the amount of the overcharges.

The FEA on June 10, 1976, entered a remedial order affirming its previous findings of overcharges. Although the regulations provided for an administrative appeal and for an application for stay of proceedings pending the disposition of the appeal (10 C.F.R. Subparts H and I), defendants did not pursue these administrative remedies.

On November 1, 1978, plaintiff commenced this action seeking enforcement of the remedial order and the assessment of civil penalties set forth in 15 U.S.C. § 754(a)(3)(A).

After defendants answered the complaint, plaintiff filed its motion for a partial summary judgment for enforcement of the refund provisions of the remedial order leaving for later determination its prayer for assessment of civil penalties.

Briefs in support of and in opposition to plaintiff's motion were filed and oral argument was had in open court.

■ The Court concludes that the failure of the defendants to exhaust their administrative remedies precludes a judicial review of FEA's finding of overcharges and the amount thereof.

The remedial order of June 10, 1976, also ordered the defendants to:

"Reduce the current selling price on regular gasoline to a level which is $.025 per gallon less than the actual or maximum lawful selling price, whichever is less, which existed for regular on May 17, 1976. Thereafter, until 412,428 gallons are sold, the selling price for regular shall not be increased except to reflect on a dollar-for-dollar basis, increased costs of regular incurred after May 17, 1976."

The remedial order also contained similar orders which respect to sales of premium gasoline and diesel No. 2. We refer to these orders as "refund orders".

The question of whether or not the FEA had authority to make the refund orders is subject to judicial review by this Court and is so recognized by the government at page 13 of its brief filed in support of its motion for partial summary judgment.

The effect of the refund orders is to require the defendants to refund the overcharges, not to those purchasers who were overcharged, but to future purchasers of the products, irrespective of whether or not such future purchasers had or had not been overcharged during the period covered by the FEA audit.

In other words, the refund orders are in no way related to a restitution of the overcharges to the purchasers who were overcharged.

Nevertheless, the government contends that it had authority to make the refund orders pursuant to 12 U.S.C. § 1904 Note, § 209, which states:

"Whenever it appears to any person authorized by the President to exercise authority under this title that any individual or organization has engaged, is engaged, [or is] about to engage in any acts or practices constituting a violation of any order or regulation under this title, such person may request the Attorney General to bring an action in the appropriate district court of the United States to enjoin such acts or practices and upon a proper showing a temporary restraining order or a preliminary or permanent injunction shall be granted without bond. Any such court may also issue mandatory injunctions commanding any person to comply with any such order or regulations. In addition to such injunctive relief, the court may also order *restitution of monies received* in violation of any such order or regulation." (Emphasis added.)

The foregoing statute authorizes the FEA only to request the attorney general to bring an action in the United States District Court against those engaged or about to engage in a violation of any order or regulation of the pricing regulations to enjoin the same and that "The Court may also order restitution of monies received in violation of any such order or regulation."

The latter portion of the foregoing statute providing for "restitution" can in no way be construed as authorizing the FEA to enter the refund orders requiring the defendants to sell their fuels to future purchasers at reduced prices until the reduction in price below the selling price equals the amount of the overcharge.

Restitution means restoration to the rightful owner. (See Webster's International Dictionary, Unabridged and Black's Law Dictionary, Fourth Edition, p. 1477.) In this case, the rightful owner of the overcharges are those who were overcharged.

The government cites *Bonray Oil Co. v. Department of Energy*, 472 F.Supp. 889 (W.D.Okl.1978). (Affirmed by Temporary Emergency Court of Appeals (Civ. 77–1078–E (1979)), 601 F.2d 1191.)

In *Bonray*, the case involved the sale of crude oil and the FEA order required plaintiff "to refund all overcharges plus interest *to the respective purchasers.*" (Emphasis added.)

This order is in accord with the latter part of the statute providing that the Court may order "restitution" of monies received in violation of the pricing regulations. This provision does not authorize the agency or the Court to order refunds by way of reduced prices to future purchasers.

This ruling does not deprive the government of a remedy for the violations by the defendants of the pricing regulations adopted by the FEA. Not only does it have the right to apply for injunctive relief against future violations of the pricing regulations, but also to seek the assessment of civil penalties pursuant to 15 U.S.C. § 754(a)(3)(A).

IT IS THEREFORE ORDERED that the plaintiff's motion for a partial summary judgment to enforce the remedial order en-

tered by the FEA on June 10, 1976, be and the same is hereby denied and the plaintiff's claim for the enforcement of the refund orders be and the same is hereby dismissed without prejudice, however, to the plaintiff's claim for injunctive relief enjoining future violations of the pricing regulations by defendants and plaintiff's claim for the assessment of civil penalties.

IT IS FURTHER ORDERED that the parties, within thirty days from this date, confer and attempt to stipulate a pre-trial order governing the trial of the plaintiff's claims for the assessment of civil penalties and injunctive relief to prohibit future violations of the pricing regulations by defendant. If the parties, after conferring, are unable to agree upon a pre-trial order within thirty days from this date, the parties shall request a pre-trial conference for the purpose of framing such an order.